**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4668**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JHIRMICK CABBAGESTALK, a/k/a Thomas Blanchard,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:12-cr-00397-F-1)

───────────

Submitted: March 14, 2014          Decided: May 6, 2014

───────────

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jhirmick Cabbagestalk appeals the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. On appeal, Cabbagestalk challenges the procedural and substantive reasonableness of his sentence. For the reasons that follow, we vacate the district court's judgment and remand for resentencing.

In examining a sentence imposed upon revocation of supervised release, this Court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence if it falls within the statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437-40 (4th Cir. 2006) (internal quotation marks omitted). We must first determine whether the sentence is unreasonable, using the same general analysis employed in our review of original sentences. Id. at 438. A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C. § 3553(a) factors, see Crudup, 461 F.3d at 440, and provides an adequate explanation for the sentence it imposes.

2

United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). If the sentence is procedurally or substantively unreasonable, we will consider whether it is "plainly" so. Crudup, 461 F.3d at 439.

In explaining a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, the court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010) (internal quotation marks omitted). Where the defendant or prosecutor presents "nonfrivolous reasons" for imposing a different sentence, "a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

In this case, counsel for both the Government and Cabbagestalk requested that the district court impose a sentence within the policy statement range of five to eleven months' imprisonment. The district court responded that it thought "maybe more than the Guideline range [wa]s appropriate" because Cabbagestalk's violation of his supervised release "was an

3

intentional absconsion" and Cabbagestalk "tried to avoid the probation officer." Counsel for the Government agreed with the court's description, and the court stated that Cabbagestalk's behavior was indicative of an individual who "just doesn't want to work with the system." The district court then imposed the statutory maximum sentence of twenty-four months' imprisonment. 18 U.S.C. §§ 3559(a)(3), 3583(e)(3).

On appeal, Cabbagestalk contends that his sentence is unreasonable because the district court failed to address his argument that a sentence within the policy statement range of five to eleven months' imprisonment was warranted in light of his mental health circumstances, and because the court "evinced little individualized assessment" of him. Cabbagestalk also contends that his sentence is unreasonable in light of his need for mental health treatment and because the district court improperly cited to the need for the sentence to promote respect for the law.

While the court's statements during the revocation hearing did provide some context for its decisionmaking, we conclude that they were inadequate to demonstrate the court's meaningful consideration of the nonfrivolous arguments raised by Cabbagestalk in support of a sentence within the policy statement range. Accordingly, we vacate Cabbagestalk's sentence and remand for resentencing. On remand, the district court

4

should consider Cabbagestalk's nonfrivolous arguments regarding his mental health and family circumstances.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Because we agree that Cabbagestalk's sentence is plainly procedurally unreasonable in light of the district court's failure to make an individualized assessment in this case, we need not address his arguments that the sentence was otherwise procedurally unreasonable because the court improperly cited the need for the sentence to promote respect for the law or substantively unreasonable in light of his need for mental health treatment. By our disposition, we indicate no view as to the appropriate sentence to be imposed on remand.

5